## STATE ex HAGEMEYER v PEMBERVILLE (Village)

Ohio Appeals, 6th Dist, Wood Co
No 490. Decided Feb 24, 1931

Fraser, Heitt, Wall & Effler, Toledo, for Hagemeyer.

Bowman & James, Bowling Green, for Pemberville.

JUSTICE, PJ, CROW and KLINGER, JJ. (3rd Dist) sitting.

The facts are stated in the opinion.

JUSTICE, PJ.

This is an action in mandamus, originating in this court. The relator, in her petition, asks that a peremptory writ of mandamus issue, commanding the respondents to take, according to law, the necessary steps to pay a certain final judgment held by relator against the respondent, the Village of Pemberville, Wood County, Ohio.

The respondents have filed a joint answer to the petition and the alternative writ, heretofore issued out of this court. To this answer the relator has demurred and also has filed a motion for judgment on the pleadings on the ground that the answer does not set forth a legal defense. The case is submitted to us upon the demurrer and motion aforesaid.

It will be neither interesting nor profitable to set forth all the facts out of which this case arises. Suffice it to say that final judgment for $25,000.00 exists in favor of the relator and against the respondent, the Village of Pemberville. Manifestly, the Village of Pemberville should pay this judg-

ment and that too at the earliest possible moment. It will, of course, be very unfortunate if, by so doing, the village is unable to thereafter meet its many necessary requirements. However, be that as it may, lawful obligations such as here in question must be paid, if within the power of the judgment debtor to so do, and that too, even if other municipal affairs will suffer by reason thereof.

It is insisted, however, that under the law the Village of Pemberville is financially unable to pay the judgment at this time. With this contention we do not agree. The method of procedure by which the village can pay this judgment is plainly outlined in the case of **State ex rel vs. Bremen, 117 Oh St, 186.**

It would seem that further comment is unnecessary, as clearly relator is entitled to the relief prayed for. **State ex rel vs. Bremen, supra,** and **State ex rel vs. Zangerle, et al., 94 Oh St 147. 2293-3-13-14 GC.**

Holding these views, it follows that the demurrer to the joint answer should be sustained, and in as much as the respondents do not desire to plead further, the motion for a judgment on the pleadings should be granted and a peremptory writ of mandamus should be awarded as prayed for.

Peremptory writ of mandamus allowed.

Crow and Klinger, JJ, concur.